```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RASHAWN WHITTED, | No. 21-cv-9624 (NLH) (MJS) |
| Plaintiff, | |
| v. | OPINION |
| DAVID KELSEY, et al., | |
| Defendants. | |

APPEARANCE:

Rashawn Whitted
257742
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Rashawn Whitted, a pretrial detainee presently confined in the Atlantic County Justice Facility ("ACJF"), filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  For the reasons stated below, the complaint will be dismissed without prejudice.  The Court will grant Plaintiff leave to amend.

I.    BACKGROUND

    According to the complaint, the ceiling in the ACJF gymnasium was "deliberately leaking water" on March 24, 2021.  ECF No. 1 at 5.  Plaintiff states he slipped and fell, causing

1

injuries to his neck, back, and leg, and was taken to the transfer station instead of medical housing. Id.

Defendant Dr. Raymundo Tagle visited Plaintiff in the transfer station on March 25, 2021. Id. at 4. "Dr. Raymundo did not give the proper or adequate medical attention needed after the incident . . . ." Id. Plaintiff also alleges Defendant ACJF Warden David Kelsey did not have adequate safety measures in place to prevent Plaintiff's injuries. Id. Plaintiff seeks damages for his injuries and emotional distress. Id. at 6. He also requests an order directing ACJF to "equip[] the facility with safer measurements for a safer [environment] . . . ." Id.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. ECF No. 2.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to

2

show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges Defendant Tagle did not provide proper medical treatment for his injuries. Claims by pretrial detainees for failing to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]" Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff must allege facts indicating "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Id. (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). "[A] plaintiff who demonstrates conduct amounting to only negligence or medical

3

malpractice will fail to make out a claim for relief under § 1983." Ortiz v. Cumberland County Freeholders, et al., No. 21-17896, 2022 WL 1486053, at *2 (D.N.J. May 11, 2022).

Plaintiff has not alleged enough facts to reasonably infer that Defendant Tagle was deliberately indifferent to Plaintiff's injuries.[1]  Courts have found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.  Plaintiff states Defendant Tagle visited him in the transfer station the day after his fall and "did not give the proper or adequate medical attention needed after the incident . . . ." ECF No. 1 at 4. Plaintiff does not provide any other information about what Defendant Tagle did or did not do, and pleadings require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff also alleges that Defendant Kelsey "did not have adequate safety measures inside the justice facility gymnasium that would prevent serious bodily injury." ECF No. 1 at 5. "A failure-to-protect claim brought by a pretrial detainee arises

---

[1] The Court assumes for screening purposes that Plaintiff has alleged a serious medical need.

4

under the Fourteenth Amendment, and the standard for such a claim is also deliberate indifference." Torres v. Monmouth County Correctional Institution, et al., No. 19-17704, 2021 WL 3773687, at *3 (D.N.J. Aug. 25, 2021). For this claim, Plaintiff "must show that he is 'incarcerated under conditions posing a substantial risk of serious harm' and that the defendant was deliberately indifferent to the risk." Belt v. Fed. Bureau of Prisons, 336 F. Supp. 3d 428, 438 (D.N.J. 2018) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994); Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012)). "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Plaintiff has not provided any facts to support a reasonable inference that Defendant Kelsey knew about the ceiling leak but chose not to take action to address it. Accordingly, he has failed to state a failure to protect claim against Defendant Kelsey.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will

5

grant leave to submit a proposed amended complaint as it is possible Plaintiff may be able to allege facts that would cure the deficiencies in his complaint. The proposed amended complaint will be subject to this Court's § 1915 review prior to service. Failure to submit a proposed amended complaint within the time set by the Court may result in dismissal with prejudice.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in and of itself. Id.

IV.   CONCLUSION

For the reasons stated above, the complaint will be dismissed without prejudice.  Plaintiff is granted leave to file a proposed amended complaint within 45 days of this Opinion and Order.

An appropriate order follows.


Dated: May 24, 2022                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.